UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER A WILLIAMSON,<br><br>     Plaintiff,<br><br>  -v.-<br><br>CASES,<br><br>     Defendant. | 26 Civ. 3485 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that his former employer discriminated against him based on his sex. The Court construes the complaint as also asserting claims under the New York State and City Human Rights Laws. By order dated April 29, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

### DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant CASES, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.[2] The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong,* 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[2] The complaint and attached documents provide two addresses for Defendant: 200 Broadway in New York, New York, and 200 Broadway in Hastings-on-Hudson, New York. Because Defendant does not appear maintain a permanent presence at either of these locations, the Court directs service on Defendant at its main office in Brooklyn, New York.

2

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  May 1, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

CASES
25 Chapel Street, Suite 903
Brooklyn, NY 11201